UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREI STREJAC,

    Plaintiff,

    v.

YOUTHCARE d/b/a ISIS HOUSE, *et al.*,

    Defendants.

Case No. C09-0498RSL

ORDER GRANTING IN PART MOTION TO STRIKE AND RENOTING MOTION TO DISMISS

    This matter comes before the Court on a motion filed by defendant the City of Seattle (the "City") to strike plaintiff's second amended complaint for failure to comply with the Court's prior order granting in part both defendants' motion for summary judgment and plaintiff's motion to amend (Dkt. #36, the "Order"). The City contends that plaintiff's second amended complaint disregards the Order's limitations on permissible amendments.

    The City filed its motion after plaintiff filed the first version of his second amended complaint. Since then, plaintiff's counsel has explained that she mistakenly

ORDER REGARDING
MOTION TO STRIKE - 1

filed an earlier draft of the second amended complaint rather than the final version. Plaintiff filed a praecipe substituting the final version of the second amended complaint. The final version corrects some of the problems identified by the City.

The City contends that the final version was untimely because it was filed after the Order's deadline to file a second amended complaint. However, the Court will permit the late filing because the first version was filed in error, and plaintiff's counsel did not realize the mistake until it was called to her attention. Once she was made aware of the mistake, she promptly remedied it. Defendants suffered no prejudice in the interim.

The City also contends that even if it is considered timely, the final version of the second amended complaint should be stricken because it continues to name Mayor Nickels as a defendant and includes insufficient allegations against the Doe defendants. The second amended complaint improperly lists Mayor Nickels as a defendant in the caption even though the Court has dismissed all claims against him. Mayor Nickels should not be listed as defendant in the caption.

As for the Doe defendants, the Order warned plaintiff that his allegations against them were insufficient and subject to dismissal. Nevertheless, the second amended complaint is devoid of any factual allegations against the Doe defendants. Plaintiff did not respond to the City's argument that the allegations against the Doe defendants remain insufficient. Instead, plaintiff claims to have had insufficient time to respond to the motion, which seeks to dismiss certain defendants and therefore should have been noted as a dispositive motion. The Court agrees that the motion should have been noted as a dispositive motion. Therefore, the Court will grant plaintiff additional time to respond as

ORDER REGARDING
MOTION TO STRIKE - 2

set forth below.

For all of the foregoing reasons, the City's motion to strike (Dkt. #51) is GRANTED IN PART. The reference to Mayor Nickels should be stricken from the caption and all future filings should not include his name in the caption. To the extent that the motion to strike presents a motion to dismiss the Doe defendants, the Court renotes it for October 16, 2009 as a motion to dismiss. Plaintiff may file a supplemental response by October 13, 2009, and the City may file a supplemental reply by October 16, 2009.

DATED this 5th day of October, 2009.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER REGARDING
MOTION TO STRIKE - 3